# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JENNIFER SWITZER, )<br>)<br>Plaintiff, )<br>)<br>) <br>v. )<br>)<br>)<br>ANDREW M. SAUL, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | CIVIL ACTION<br><br>No. 19-2454-JWL |

## MEMORANDUM AND ORDER

Plaintiff filed this action on August 7, 2019 seeking judicial review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) under sections 216(i), and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). (Doc. 1). She also filed a Motion for Leave to Proceed <u>in forma pauperis</u>. (Doc. 3). The court denied Plaintiff's motion because her reported monthly family income exceeded her reported monthly family expenses by $533.00 a month, and ordered her to pay the filing fee in this case no later than September 9, 2019. (Doc. 4, p.2). Plaintiff sought an additional 30 days to pay the filing fee (Doc. 5) and the court extended the deadline to October 9, 2019. (Doc. 6). When Plaintiff did not pay the filing fee within the extended time, the court issued an Order to Show Cause on October 18, 2019, warning that this case might be dismissed in

accordance with Federal Rule of Civil Procedure 41b and Rule 41.1 of the Local Rules, for failure to prosecute this case and for failure to obey the orders of this court. (Doc. 7).

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). Because dismissal is a severe sanction, it should be imposed only if a "lesser sanction would not serve the ends of justice." Id. (quotation omitted). In evaluating whether dismissal is an appropriate sanction, the district court should consider the following factors: (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) whether a lesser sanction would be effective. Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992)). "It is within a court's discretion to dismiss a case with prejudice if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." Ehrenhaus, 965 F.2d at 916.

Turning to the first factor, the Commissioner has suffered only minor prejudice by Plaintiff's failure to pay the filing fee in this case. The Commissioner has not been served in this case, but the longer service is delayed, the greater is the potential that evidence will be lost or the record misplaced.

2

The second factor somewhat supports dismissal of this action. The manner in which Plaintiff has prosecuted this case (or, perhaps more accurately, not prosecuted this case) has risen to the level of interfering with the judicial process. The court has invested time and effort into shepherding this case, without success. Plaintiff's inaction so far leaves the court wondering whether the fee will ever be paid and service of process be attempted. It is already 90 days after this case was filed, and summons have not even been requested.

This leads to consideration of the third factor which focuses on the plaintiff's culpability. The third factor more heavily weighs in favor of dismissal. Other than requesting an extension of time to pay the filing fee, Plaintiff has taken no action on this case since filing it. (Doc. 5). The court issued an Order to Show Cause on October 18, 2019, and there has been no response. (Doc. 7).

The fourth factor is also satisfied. The court's "Order to Show Cause" specifically warned Plaintiff that her failure to respond could result in dismissal of her case, and the docket reflects that notice of that order was electronically mailed to Plaintiff's counsel. (Doc. 7).

Finally, the court considers the efficacy of lesser sanctions. Here, the court has provided additional time for Plaintiff to provide the filing fee, Plaintiff is represented by counsel, and has made no effort to seek more time or to explain why she is unable to pay the fee. Moreover, the court has been unable to identify any appropriate lesser sanction in a Social Security case which would secure prosecution of the case. Plaintiff has not

paid the filing fee in this case and it is hard to imagine that a monetary sanction would be helpful. After carefully reviewing the record before the court and the history of this case, the court concludes that no remedy short of dismissal would be effective.

After consideration of the five Ehrenhaus factors in light of the circumstances of this case, the court concludes that the factors weigh in favor of dismissal of this action. This case is interfering with the judicial process because it continues to linger on the court's docket without any meaningful progress toward resolution. Plaintiff's culpability for this predicament is high, as she is represented by counsel who has been notified of every action in this case. And, the court forewarned Plaintiff that her failure to respond could result in dismissal. At this point in time, the court believes that dismissal is the only remedy that would be effective.

**IT IS THEREFORE ORDERED** that this case is dismissed in accordance with Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.1 for Plaintiff's failure to prosecute the case or to comply with the rules of procedure and the court's orders.

Dated this 5th day of November 2019, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**